**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON WAYNE CAREY,

    Defendant - Appellant.

No. 17-7006
(D.C. No. 6:16-CR-00025-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]
_____

Defendant-Appellant Jason Wayne Carey appeals from the sentence imposed

after pleading guilty to being a felon in possession of explosives. 18 U.S.C.

§§ 842(i)(1), 844(a)(1). Our jurisdiction arises under 28 U.S.C. § 1291 and 18

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

U.S.C. § 3742(a), and we remand to the district court to vacate the judgment and resentence.

Mr. Carey was sentenced to 60 months' imprisonment and three years' supervised release. 1 R. 42–44. The PSR recommended a guideline range of 37 to 46 months, based in part on Mr. Carey committing the offense "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K1.3(a)(2); see 3 R. 3–4. The prior violent felony was pointing a weapon at another person in violation of Okla. Stat. tit. 21, § 1289.16. See 3 R. 4. But in United States v. Titties, 852 F.3d 1257, 1275 (10th Cir. 2017), we held that a conviction under this statute does not qualify as a crime of violence under the Armed Career Criminal Act. This definition resembles that found in the sentencing guidelines. The government concedes that this intervening decision controls here. Aplee. Br. at 4. Accordingly, we REMAND to the district court to vacate its judgment and resentence.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge